UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2010 APR 14  PM 3: 41

CLERK
BY_____
DEPUTY CLERK

| | |
|---|---|
| ELIZABETH BEAULIEU, MELISSA BELROSE-WEST, JACQUELINE BILODEAU, STEPHANIE BRIGGS, THOMAS CHASE, SHEILA CONIFF, KENNETH DENTON, DAVID DiDOMENICO, NATHAN FICE, JERRY FORKIN, ARTHUR HAMLIN, KARA HAYNES, EVANTHIA HILL, KARA HAYNES, ROBERT HOOPER, IAN JENIKE, SUSAN E. RANSOM-KELLEY, CHRIS LAZAR, RONALD LEMAIRE, ROBERT LUTZ, JR., THOMAS McFARLAND, STEVEN McLAUGHLIN, ELIZABETH MAURER, MICHAEL METZ, MATTHEW MORAN, STANLEY MORSE, SARAH NASH, MICHAEL ORTICARI, EMILY REED, JOHN REESE, JR., AMY RICHARDSON, DENNIS ROBERTS, JR., MONIQUE SORDIFF, ROBERT SUCKERT, TRACY TAPLEY, ANITA THOMASON, ALYSSA TODD, MARY JOANNE WATSON, individually and on behalf of all others similarly situated, | Docket No. 2:10-cv-32 |
| Plaintiffs, | |
| v. | |
| STATE OF VERMONT, STATE OF VERMONT AGENCY OF ADMINISTRATION and NEALE LUNDERVILLE, in his official capacity, | |
| Defendants. | |

SECOND AMENDED COLLECTIVE ACTION COMPLAINT UNDER §16(b) OF
THE FAIR LABOR STANDARDS ACT FOR DECLARATORY RELIEF,
INJUNCTIVE RELIEF, DAMAGES, COSTS AND ATTORNEYS FEES



NOW COME the Plaintiffs by and through their counsel, Thomas H. Somers, Esq., Kerin E. Stackpole, Esq. and David D. Aman, Esq. of Bergeron Paradis Fitzpatrick, LLP, and allege the following:

## I. INTRODUCTION

1. This action is brought by current and former employees of the State of Vermont who are or were employed in the judiciary, supervisory, non-management and corrections bargaining units represented by the Vermont State Employees Association ("VSEA") on behalf of themselves and all those similarly situated, hereinafter known as the "FLSA Class." In the last three (3) years and earlier, the Defendants have willfully failed to pay time and one half their regular rate to Plaintiffs and all those similarly situated in Pay Grade 23 and above and instead have only paid them straight time for overtime hours worked in violation of the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

2. The members of the FLSA Class are similarly situated because they are nonexempt employees of the State of Vermont having a pay grade of or above Pay Grade 23, and are all subject to the Defendants' common policy and practice of paying straight time unlawfully for overtime work and refusing to pay time and one-half overtime compensation to employees at or above Pay Grade 23 for all hours worked over forty in any given workweek in accordance with the FLSA. Employees in Pay Grades 22 and below are treated as non-exempt, and are paid time and one-half for overtime.

3. The members of the FLSA Class are paid on an hourly rather than a "salaried basis" which is required for an employee to be exempt. Members of the FLSA Class are not compensated on a "salary basis" of at least $455.00 a week because Defendants pay Plaintiffs on the basis of a flat hourly wage. Consequently, Plaintiffs compensation fluctuates based on hourly variations in the quantity of work performed. No one in the FLSA Class regularly "receives each pay period on a weekly, or less frequent basis, a



predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quantity or quality of work performed." 29 C.F.R. §541.602(c).

4. The members of the FLSA Class are all similarly situated because of Defendants unlawful policy of treating the FLSA Class as if it is exempt from overtime is solely based on which step an employee is on in a hourly step or grid system Defendants negotiate with the VSEA. Defendants arbitrarily treat all employees who are in Step 23 and above as if they are exempt from the FLSA and only pay them straight time at hourly rates for hours worked in excess of forty (40) in a workweek. Defendants have not and do not compensate employees at step 23 and above on a salary basis of at least $455.00 a week.

5. Defendants' policy of unlawfully exempting all employees in Pay Grade 23 and above in VSEA bargaining units from the FLSA overtime requirements extends to its failure to evaluate whether or not each and every employee's actual duties satisfy the "duties tests" for exemption from overtime. Defendants' failure and refusal to perform a duties test for the positions which it claims to be exempt is simply more evidence of its willful and reckless disregard of the rights of the FLSA Class.

6. Defendants' unlawful policy and practice is to base its FLSA exemption decisions on Pay Grade as solely determined by multiplying the number of hours an employee works by his or her hourly wage on the pay scale. An employee's position on the pay scale is based on the number of years Defendant has employed an individual. Defendants fail and refuse to determine an employee's exempt or non-exempt status based on his or her compensation and duties as required under the FLSA.



7. This is an action for certification of an FLSA collective action under 29 U.S.C. § 216(b), and for declaratory and injunctive relief. Plaintiffs seek payment for their unpaid overtime compensation, along with liquidated damages equal to their unpaid overtime, reasonable attorneys' fees, costs, pre and post-judgment interest.

## II.   JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

9. This venue is proper pursuant to 28 U.S.C. §1391, as the Defendants' principal place of business in located in this State. Additionally, a substantial portion of the events and omissions giving rise to the Plaintiffs' claims occurred in this State.

10. The State of Vermont has clearly and expressly waived the defense of sovereign immunity to the requirements of the FLSA, pursuant to 21 V.S.A. § 384(b)(7), which provides that "state employees…shall be covered by the U.S. Federal Fair Labor Standards Act."

11. Defendants have waived any 11th Amendment right not to be sued in Federal Court by removing this action from State Court to United States District Court.

## III.   PARTIES

A.   **Plaintiffs and Facts.**

12. Plaintiff Elizabeth Beaulieu ("Plaintiff Beaulieu") is a resident of Chittenden County, Vermont. At all times relevant to this Complaint, Plaintiff Beaulieu has been employed at Pay Grade 23 by the Vermont Department for Children and Families as a Social Worker, and eventual Supervisor. Plaintiff Beaulieu has averaged approximately one hour of overtime work each week over the last three years for which she did not receive overtime



compensation at time and one-half. Her Consent to Sue is attached to the original Complaint.

13. Plaintiff Melissa Belrose-West ("Plaintiff Belrose-West") is a resident of Franklin County, Vermont. At all times relevant to this Complaint, Plaintiff Belrose-West has been employed as a Social Worker with the Department for Children and Families, at Pay Grade 23. Plaintiff Belrose-West has averaged approximately ten hours of overtime work each week over the last three years for which she did not receive overtime compensation at time and one-half. Her Consent to Sue is attached to the original Complaint.

14. Plaintiff Jacqueline Bilodeau ("Plaintiff Bilodeau") is a resident of Franklin County, Vermont. At all times relevant to this Complaint, Plaintiff Bilodeau has been employed as a Social Worker with the Vermont Department for Children and Families, at Pay Grade 23. Plaintiff Bilodeau has averaged between 2.5 to 7.5 hours of overtime work each week over the last three years, for which she did not receive overtime compensation at time and one-half. Her Consent to Sue is attached to the original Complaint.

15. Plaintiff Stephanie Briggs ("Plaintiff Briggs") is a resident of Chittenden County, Vermont. At all times relevant to this Complaint, Plaintiff Briggs has been employed as a Social Worker with the Vermont Department for Children and Families, at Pay Grade 23. Plaintiff Briggs has averaged approximately 5 hours of overtime work each week over the last three years, for which she did not receive overtime compensation at time and one-half. Her Consent to Sue is attached to the original Complaint.



16. Plaintiff Thomas Chase ("Plaintiff Chase") is a resident of Orange County, Vermont. At all times relevant to this Complaint, Plaintiff Chase has been employed as a

Transportation Technician VI with the Vermont Agency of Transportation, at Pay Grade 23. Plaintiff Chase has averaged approximately 3-5 hours of overtime work each week over the last three years for which he did not receive overtime compensation at time and one-half. His Consent to Sue is attached to this Second Amended Complaint.

17.     Plaintiff Sheila Coniff ("Plaintiff Coniff") is a resident of Washington County, Vermont. At all times relevant to this Complaint, Plaintiff Coniff has been employed as a Financial Administrator II by the Vermont Department of Disabilities, Aging and Independent Living. Plaintiff Coniff was employed at Pay Grade 22 from 2004 to 2008, at which time she received a promotion to Pay Grade 23, which promotion was made retroactive to October 29, 2006. Plaintiff Coniff has averaged between four to six hours of overtime work each week over the last three years, for which she did not receive overtime compensation at time and one-half. Her Consent to Sue is attached to the original Complaint.

18.     Plaintiff Kenneth Denton ("Plaintiff Denton") is a resident of Washington County, Vermont. At all times relevant to this Complaint, Plaintiff Denton has been employed as a Law Enforcement Supervisor with the Department of Fish and Wildlife, has regularly worked overtime and did not receive overtime compensation of time and one-half. Plaintiff Denton worked in Pay Grade 26 between 2007 and 2010. On January 1, 2010 Plaintiff Denton retired. Plaintiff Denton worked 111 hours of overtime in 2007 without receiving time and one-half compensation, 162 overtime hours in 2008 without receiving overtime compensation, 110 overtime hours in 2009 without receiving overtime compensation. His Consent to Sue is attached to the original Complaint.



19.     Plaintiff David DiDomenico ("Plaintiff DiDomenico") is a resident of

Lamoille County, Vermont. At all times relevant to this Complaint, Plaintiff DiDomenico has been employed as an Environmental Engineer by the Vermont Agency of Natural Resources. At all times, he has been employed at Pay Grade 23. Plaintiff DiDomenico has averaged approximately one hour of overtime work each week over the last three years, for which he did not received overtime compensation at time and one-half. His Consent to Sue is attached to the original Complaint.

20. Plaintiff Nathan Fice ("Plaintiff Fice") is a resident of Bennington County, Vermont. At all times relevant to this Complaint, Plaintiff Fice has been employed as a Forester with the Vermont Department of Forests, Parks and Recreation. At all times, he has been employed at Pay Grade 23. Plaintiff Fice has averaged approximately three hours of overtime work each week over the last three years, for which he did not receive overtime compensation at time and one-half. His Consent to Sue is attached to the original Complaint.

21. Plaintiff Jerry Forkin ("Plaintiff Forkin") is a resident of Windham County, Vermont. At all times relevant to this Complaint, Plaintiff Forkin has been employed as a Social Worker with the Vermont Department for Children and Families. He was employed at Pay Grade 22 until approximately 2007, at which time he was promoted to Pay Grade 23. Plaintiff Forkin has averaged between two hours of overtime work each week over the last three years, for which he has not received overtime compensation at time and one-half. His Consent to Sue is attached to the original Complaint.

22. Plaintiff Arthur Hamlin ("Plaintiff Hamlin") is a resident of Orange County, Vermont. At all times relevant to this Complaint, Plaintiff Hamlin has been employed as a Housing Program Coordinator with the Vermont Department of Housing and Community

Affairs. He was employed at Pay Grade 23 from approximately September 2001 to approximately November 2008, at which time he was promoted to Pay Grade 24. Plaintiff Hamlin has a total of approximately 48.5 overtime hours since 2006, for which he did not receive overtime compensation at time and one-half. His Consent to Sue is attached to the original Complaint.

23.     Plaintiff Kara Haynes ("Plaintiff Haynes") is a resident of Chittenden County, Vermont. At all times relevant to this Complaint, Plaintiff Haynes has been employed as a Social Worker with the Vermont Department for Children and Families. She has been employed at Pay Grade 23 since approximately January 2008. Prior to that time, she was employed at Pay Grade 22. Plaintiff Haynes has averaged between four to twenty hours of overtime work each week over the last three years, for which she has received straight compensatory time and did not receive time and one-half pay. Her Consent to Sue is attached to the original Complaint.

24.     Plaintiff Evanthia Hill ("Plaintiff Hill") is a resident of Grand Isle County, Vermont. At all times relevant to this Complaint, Plaintiff Hill has been employed as a Family Court Case Manager in the Department of the Judiciary with the Grand Isle Court in Vermont. At all times, she has been employed at Pay Grade 23. Plaintiff Hill has averaged approximately forty hours of overtime work in the last three years, for which she did not receive compensation at time and one-half. Her Consent to Sue is attached to the original Complaint.



25.     Plaintiff Margaret Hodder ("Plaintiff Hodder") is a resident of Chittenden County, Vermont. Until September 25, 2009, Plaintiff Hodder was employed as a Social Worker with the Department for Children and Families. At all times, she was employed at

Pay Grade 23. Plaintiff Hodder averaged between two to four hours of overtime work each week over the last three years, for which she did not receive overtime compensation at time and one-half. Her Consent to Sue is attached to the original Complaint.

26. Plaintiff Robert Hooper ("Plaintiff Hooper") is a resident of Chittenden County, Vermont. At all times relevant to this Complaint, Plaintiff Hooper has been employed as a Social Worker with the Vermont Department for Children and Families. Plaintiff Hooper was promoted from Pay Grade 21 to Pay Grade 23 in January 2008. Plaintiff Hooper has averaged approximately two hours of overtime work each week over the last three years, for which he did not receive compensation at time and one-half. His Consent to Sue is attached to the original Complaint.

27. Plaintiff Ian Jenike ("Plaintiff Jenike") is a resident of Washington County, Vermont. At all times relevant to this Complaint, Plaintiff Jenike was employed as a Resident Engineer with the Vermont Agency of Transportation, at Pay Grade 23. Plaintiff Jenike averaged approximately twenty hours of overtime work each week over the last three years, for which he did not receive compensation at time and one-half. His Consent to Sue is attached to this Second Amended Complaint.

28. Plaintiff Susan E. Ransom-Kelley ("Plaintiff Ransom-Kelley") is a resident of Rutland County, Vermont. At all times relevant to this Complaint, Plaintiff Kelly has been employed as a Corrections Living Unit Supervisor with the Vermont Department of Corrections. At all times, she was employed at Pay Grade 23. Plaintiff Kelly has worked over 13.25 hours of overtime a week in the last three years for which she did not receive overtime compensation at time and one-half. Her Consent to Sue is attached to the original Complaint.



29. Plaintiff Chris Lazar ("Plaintiff Lazar") is a resident of Franklin County, Vermont. At all times relevant to this Complaint, Plaintiff Lazar has been employed as a Social Worker by the Vermont Department for Children and Families, at Pay Grade 23. Plaintiff Lazar has worked approximately 5 hours of overtime each week over the last three years for which he did not receive overtime compensation at time and one-half. His Consent to Sue is attached to the original Complaint.

30. Plaintiff Ronald Lemaire ("Plaintiff Lemaire") is a resident of Bennington County, Vermont. At all times relevant to this Complaint, Plaintiff Lemaire has been employed as a Resident Engineer with the Vermont Agency of Transportation. He was employed at Pay Grade 23 until approximately December 21, 2008 when he was promoted to Pay Grade 24. Plaintiff Lemaire has averaged between five to fifteen hours of overtime work each week over the last three years, for which he did not receive overtime compensation at time and one-half. His Consent to Sue is attached to the original Complaint.

31. Plaintiff Robert Lutz, Jr. ("Plaintiff Lutz") is a resident of Franklin County, Vermont. At all times relevant to this Complaint, Plaintiff Lutz has been employed a Lieutenant in the law enforcement division of the Vermont Department of Fish and Wildlife. He was employed at Pay Grade 26 from approximately March 2005 to September 2009, at which time he voluntarily changed to Pay Grade 23. Plaintiff Lutz has averaged working at least ten hours of overtime each week over the last three years, for which he did not receive overtime compensation at time and one-half. His Consent to Sue is attached to the original Complaint.



32. Plaintiff Thomas McFarland ("Plaintiff McFarland") is a resident of

Caledonia County, Vermont. At all times relevant to this Complaint, Plaintiff McFarland has been employed as an IT Specialist with the Vermont Agency of Human Resources, at Pay Grade 23. Plaintiff McFarland worked approximately 7.5 hours of overtime each week in 2007. In 2008, he worked approximately 1 hour of overtime each week in 2008. In 2009, he worked approximately 1-2 hours of overtime each week. He has never received overtime compensation at time and one-half for the overtime hours worked. His Consent to Sue is attached to the original Complaint.

33. Plaintiff Steven McLaughlin ("Plaintiff McLaughlin") is a resident of Chittenden County, Vermont. At all times relevant to this Complaint, Plaintiff McLaughlin was employed as a Juvenile Probation Officer, and employed as a Juvenile Services Social Worker with the Vermont Department of Children and Families, at Pay Grade 23. Plaintiff McLaughlin averaged approximately two hours of overtime each week over the last three years, for which he did not receive overtime compensation at time and one-half. His Consent to Sue is attached to the original Complaint.

34. Plaintiff Elizabeth Maurer ("Plaintiff Maurer") is a resident of Chittenden County, Vermont. Since July 2009, Plaintiff Maurer has been employed as a Supervisor with the Vermont Department of Children and Families, at Pay Grade 25. Prior to that time, Plaintiff Maurer was employed as a Social Worker with the Vermont Department of Children and Families, at Pay Grade 23. At all times, Plaintiff Maurer has averaged between two to ten hours of overtime work each week over the last three years, for which she did not receive overtime compensation at time and one-half. Her Consent to Sue is attached to the original Complaint.



35. Plaintiff Michael Metz ("Plaintiff Metz") is a resident of Rutland County,

Vermont. At all times relevant to this Complaint, Plaintiff Metz has been employed as a District Wetlands Ecologist with the Vermont Agency of Natural Resources. He has been employed at Pay Grade 23 since approximately 2005. At all times, Plaintiff Metz has averaged approximately two hours of overtime work each week over the last three years, for which he did not receive overtime compensation at time and one-half. His Consent to Sue is attached to the original Complaint.

      36.    Plaintiff Matthew Moran ("Plaintiff Moran") is a resident of Washington County, Vermont. At all times relevant to this Complaint, Plaintiff Moran has been employed as an Environmental Analyst IV with the Vermont Department of Environmental Conservation, at Pay Grade 23. At all times, Plaintiff Moran has averaged approximately 3.5 hours of overtime work each week over the last three years, for which he did not receive overtime compensation at time and one-half. His Consent to Sue is attached to the original Complaint.

      37.    Plaintiff Stanley Morse ("Plaintiff Morse") is a resident of Rutland County, Vermont. At all times relevant to this Complaint, Plaintiff Morse has been employed as a Security and Operations Supervisor with the Vermont Department of Corrections. At all times, Plaintiff Morse has been employed at Pay Grade 23. Plaintiff Morse has averaged four hours of overtime each week over the last three years, for which he did not receive overtime compensation at time and one-half. His Consent to Sue is attached to the original Complaint.

      38.    Plaintiff Sarah Nash ("Plaintiff Nash") is a resident of Addison County, Vermont. At all times relevant to this Complaint, Plaintiff Nash has been employed as a Social Worker in the Vermont Department of Children and Families in Pay Grade 23. At all

times since January 1, 2007, Plaintiff Nash reasonably believes working two to six hours of overtime a week, for which she did not receive overtime compensation at time and one-half. Her Consent to Sue is attached to this First Amended Complaint.

39. Plaintiff Michael Orticari ("Plaintiff Orticari") is a resident of Orange County, Vermont. At all times relevant to this Complaint, Plaintiff Orticari has been employed as a Supervisor with the Vermont Agency of Transportation. He was previously employed at Pay Grade 20, but was elevated to Pay Grade 23 in approximately March 2009. Plaintiff Orticari has averaged nine hours of overtime work each week while at Pay Grade 23, for which he did not receive overtime compensation at time and one-half. His Consent to Sue is attached to the original Complaint.

40. Plaintiff Emily Reed ("Plaintiff Reed") is a resident of Chittenden County, Vermont. At all times relevant to this Complaint, Plaintiff Reed has been employed as a Social Worker with the Vermont Department for Children and Families. She was previously employed at Pay Grade 22, but was promoted to Pay Grade 23 in approximately January 2008. Plaintiff Reed has worked approximately three hours of overtime each week over the past three years, for which she did not receive compensation at time and one-half. Her Consent to Sue is attached to the original Complaint.

41. Plaintiff John Reese ("Plaintiff Reese") is a resident of Washington County, Vermont. At all times relevant to this Complaint, Plaintiff Reese has been employed as a Securities Examiner with the Vermont Department of Banking, Insurance, Securities & Health Care Administration, at Pay Grade 24. At all times, Plaintiff Reese has averaged one hour of overtime work each week over the past three years, for which he did not receive overtime compensation at time and one-half. His Consent to Sue is attached to the original



Complaint.

42. Plaintiff Amy Richardson ("Plaintiff Richardson") is a resident of Chittenden County, Vermont. At all times relevant to this Complaint, Plaintiff Richardson has been employed as a Social Worker with the Vermont Department for Children and Families. She was promoted to Pay Grade 23 in approximately January 2008, before which she was employed at Pay Grade 22. At all times she has been in Pay Grade 23 she has averaged approximately five hours of overtime work each week, for which she did not receive overtime compensation at time and one-half. Her Consent to Sue is attached to the original Complaint.

43. Plaintiff Dennis Roberts ("Plaintiff Roberts") is a resident of Chittenden County, Vermont. At all times relevant to this Complaint, Plaintiff Roberts has been employed as a Communications Supervisor for the Vermont Department of Public Safety. Plaintiff Roberts is currently employed at Pay Grade 25, and was previously employed at Pay Grade 23. At all times, he has averaged one hour of overtime work each week over the past three years, for which he did not receive overtime compensation at time and one-half. His Consent to Sue is attached to the original Complaint.

44. Plaintiff Monique Sordiff ("Plaintiff Sordiff") is a resident of Chittenden County, Vermont. At all times relevant to this Complaint, Plaintiff Sordiff has been employed as a Social Worker by the Vermont Department for Children and Families, at Pay Grade 23. She has averaged 1-5 hours of overtime work each week over the past three years, for which she did not receive overtime compensation at time and one-half. Her Consent to Sue is attached to the original Complaint.



45. Plaintiff Robert Suckert ("Plaintiff Suckert") is a resident of Washington

County, Vermont. At all times relevant to this Complaint, Plaintiff Suckert has been employed as a Resident Engineer with the Vermont Agency of Transportation, at Pay Grade 24. At all times, Plaintiff Suckert has averaged approximately 20 hours of overtime work each week over the past three years, for which he did not receive overtime compensation at time and one-half. His Consent to Sue is attached to the original Complaint.

46.     Plaintiff Tracy Tapley ("Plaintiff Tapley") is a resident of Chittenden County, Vermont. At all times relevant to this Complaint, Plaintiff Tapley has been employed as a Systems Developer II for the Vermont Agency of Human Services, at Pay Grade 23. Plaintiff Tapley has averaged approximately one hour of overtime each week over the past three years, for which she did not receive overtime compensation at time and one-half. Her Consent to Sue is attached to this Second Amended Complaint.

47.     Plaintiff Anita Thomason ("Plaintiff Thomason") is a resident of Chittenden County, Vermont. At all times relevant to this Complaint, Plaintiff Thomason has been employed as a Social Worker with the Vermont Department for Children and Families. She was previously employed at Pay Grade 22, but was promoted to Pay Grade 23 in approximately January 2008 and lost her right to overtime at time and one-half. At all times, Plaintiff Thomason has averaged approximately one hour of overtime work each week, for which she did not receive overtime compensation at time and one-half. Her Consent to Sue is attached to the original Complaint.

48.     Plaintiff Alyssa Todd ("Plaintiff Todd") is a resident of Windham County, Vermont. At all times relevant to this Complaint, Plaintiff Todd has been employed as a Social Worker in the Vermont Department for Children and Families. She has been employed at Pay Grade 23 since approximately February 2008, before which she was



employed at Pay Grade 22 and received overtime compensation at time and one-half. Plaintiff Todd has averaged approximately one hour of overtime work each week since her promotion to Pay Grade 23 when she did not receive overtime compensation at time and one-half. Her Consent to Sue is attached to the original Complaint.

49. Plaintiff Mary Joanne Watson ("Plaintiff Watson") is a resident of Washington County, Vermont. At all times relevant to this Complaint, Plaintiff Watson has been employed as a Nursing Service Supervisor with the Vermont Agency of Human Services, at Pay Grade 24. Plaintiff Watson has averaged approximately 4-12 hours of overtime work each week over the past three years for which she did not receive overtime compensation of time and one-half. Her Consent to Sue is attached to this Second Amended Complaint.

**B.     Defendants**

50. Defendant State of Vermont Agency of Administration is the "public agency" within the meaning of 29 U.S.C. § 203(x) responsible for establishing lawful guidelines for the payment of wages and overtime compensation to the employees of the State of Vermont.

51. Defendant Neale Lunderville is the Secretary of Defendant State of Vermont Agency of Administration responsible for establishing lawful guidelines for the payment of wages and overtime and an employer within the meaning of 29 U.S.C. § 203(d).

52. Defendants State of Vermont, the Agency of Administration and Neale Lunderville are, at all times, an "employer" of the Plaintiffs as that term is defined in 29 U.S.C. § 203(d). Defendant State of Vermont is also a State within the meaning of 29 U.S.C. § 203(c) and a public agency within the meaning of 29 U.S.C. § 203(x).

53. Defendants track the hours of all employees in the "FLSA class" and pay them



straight time instead of time and one-half their regular rate for overtime.

## IV. ADDITIONAL FACTS

54. All FLSA Class members are nonexempt employees for purposes of the overtime payment requirements of the FLSA.

55. Defendants lacked good faith and reasonable grounds for exempting the FLSA Class from the FLSA's overtime requirements not only because the FLSA Class is paid strictly on an hourly basis but also because overtime exemptions are made based on pay grade instead of a job by job evaluation of the individual's actual duties.

56. The FLSA Class regularly works more than forty hours every week.

57. Defendants fail and refuse to pay the Plaintiffs and class members overtime compensation at the rate of time and one-half for all hours worked over forty in a work week even though the State of Vermont knows it is subject to the FLSA under 21 V.S.A. § 384(b)(7).

58. Defendants failed to take any action to comply with the federal Fair Labor Standards Act and continue to do so in spite of this lawsuit which has placed Defendants on notice of their legal obligations under the FLSA. Defendants have not bothered to exercise good faith or have reasonable grounds to exempt the FLSA Class from the overtime requirements of the FLSA.

59. Defendant State of Vermont knows it is subject to the Federal Fair Labor Standards Act because among other things, it is bound by its own statute, 21 V.S.A. § 384(b)(7), and because it refers to the FLSA frequently in collective bargaining agreements, personnel policies and in other procedures.



60. Defendants simply refuse to comply with the Federal Fair Labor Standards

Act in order to take employees' justly earned wages and apply them elsewhere, without interest or accountability. Defendants continue to violate the FLSA and keep the duly earned wages of the FLSA Class despite the existence of this law suit which has put Defendants on notice of their continuing violations of federal wage and hour law.

61. Defendants were and are willfully violating the FLSA because they knew/know they are subject to the FLSA and elect to ignore its requirements.

## V. CAUSE OF ACTION – FAIR LABOR STANDARDS ACT

62. Plaintiffs repeat, reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 61, above.

63. Defendants' failure to pay Plaintiffs and the FLSA Class time and one-half for all overtime worked, violates 29 U.S.C. § 207(a).

64. Defendants' failure to comply with the FLSA overtime protections caused the Plaintiffs and FLSA Class to suffer a loss of wages duly earned and a loss of use of such wages.

WHEREFORE, the Plaintiffs and FLSA Class respectfully request that this Court:

A. Certify this action as a collective action under 29 U.S.C. § 216(b) and order that written and electronic notice be given to similarly situated employees of their right to join this lawsuit without retaliation from the State;

B. Declare that the State of Vermont is subject to the requirements of the FLSA, has waived its sovereign immunity under 21 V.S.A §384(b)(7) and the 11th Amendment to the United States Constitution and that the Plaintiffs and the FLSA Class must receive overtime compensation at time and one-half for overtime work in accordance with 29 U.S.C. §§ 201, *et seq.*;



C. Declare that Defendants have willfully violated the FLSA.

D. Enjoin Defendants from any further violation of 29 U.S.C. §§ 201, *et seq.*;

E. Enter Judgment for the Plaintiffs and the FLSA Class and against Defendants for unpaid overtime, liquidated damages in an amount that is twice their back overtime wages, pre and post-judgment interest, plus costs and reasonable attorneys' fees; and

F. Grant such other and further relief as this Court deems just and proper.

DATED at Burlington, Vermont this 14th day of April, 2010.

/s/ Thomas H. Somers, Esq.
tsomers@burlington.bpflegal.com
Kerin E. Stackpole, Esq.
David D. Aman, Esq.
Bergeron, Paradis & Fitzpatrick, LLP
Attorneys for Plaintiffs
27 Main Street, PO Box 925
Burlington, VT 05401
802.863.1191